{¶ 19} I respectfully dissent from the majority opinion. I begin by noticing that the trial court heard no evidence whatsoever from any victim or investigator in this case. The sole basis for the court's finding is a presentence investigation and a report from the Forensic Psychiatry Center for Western Ohio. These two documents were stipulated into the record by the prosecutor and defense counsel, but were not discussed or debated. While I have no doubt that the trial court judge read both documents, I would find them inadequate evidence to provide the basis for a finding by clear and convincing evidence that the defendant was likely to commit future sexually oriented offenses.
 {¶ 20} The Ohio Supreme Court has emphasized the gravity of sexual offender classifications and stressed the need for adequate classification hearings:
 R.C. Chapter 2950 defines three classifications of sex offenders: sexual predators, habitual sexual offenders, and sexually oriented offenders. R.C. 2950.09; Cook, 83 Ohio St. 3d at 407, 700 N.E.2d at 574. To earn the most severe designation of sexual predator, the defendant must have been convicted of or pled guilty to committing a sexually oriented offense and must be "likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E).
 Once a person is designated a sexual predator, R.C. Chapter 2950 places certain obligations on the offender. Sexual predators must register with their county sheriff and provide a current home address, the name and address of the offender's employer, a photograph, and any other information required by the *Page 12 Bureau of Criminal Identification and Investigation. R.C. 2950.04(C). In addition, sexual predators must provide the license plate number of each motor vehicle owned by the offender or registered in the offender's name. R.C. 2950.04(C)(2). Sexual predators must verify their current home address every ninety days for life. R.C. 2950.06(B)(1). Moreover, the sheriff with whom the offender has most recently registered must notify particular community members of the offender's status as a sexual predator and of his current address, if the trial court imposes that requirement. R.C. 2950.10 and 2950.11. This court has already recognized that these requirements have grave consequences. "At a sexual offender classification hearing, decisions are made regarding classification, registration, and notification that will have a profound impact on a defendant's life." State v. Gowdy (2000), 88 Ohio St. 3d 387, 398, 727 N.E.2d 579, 589.
 We noted in Gowdy the danger of making the sexual offender classification hearing perfunctory in nature, which would deny defendant the rights guaranteed him under the statute. Id. at 398, 727 N.E.2d at 589.
State v. Eppinger, 91 Ohio St. 3d 158, 161-62.
 {¶ 21} In my opinion, the sexual offender classification hearing in this case was clearly perfunctory in nature. While the trial court stated the various criteria it was required to consider, the conclusion it reached did not reflect its stated observations. As the trial court acknowledged, the defendant was convicted of once having sexual intercourse with a consenting juvenile and there was no allegation that the defendant in any way coerced the victim, nor used any alcohol or drugs to secure her cooperation. Indeed, the incident was reported only because the victim had contracted a sexually transmitted disease (Chlamydia) and sought treatment. It is even reported that she further stated that she did not want to get *Page 13 
anyone in trouble. The age difference between the defendant and the victim was only four years, the defendant being just eighteen. This was not a case of an elder imposing some perceived authority over a much younger, fearful individual. There was no demonstrated pattern of abuse, no threats of cruelty, no mental illness[4] or disability of either party, and there were not multiple victims. Also, this is the defendant's first conviction for a sexually oriented offense.
 Although certainly even one sexually oriented offense is reprehensible and does great damage to the life of the victim, R.C. Chapter 2950 is not meant to punish a defendant, but instead, "to protect the safety and general welfare of the people of this state." R.C. 2950.02(B). Thus, if we were to adjudicate all sexual offenders as sexual predators, we run the risk of "being flooded with a number of persons who may or may not deserve to be classified as high-risk individuals, with the consequence of diluting both the purpose behind and the credibility of the law. This result could be tragic for many." [State v. Thompson (l999), 140 Ohio App. 3d 638, 748 N.E.2d 1144]. Moreover, the legislature would never have provided for a hearing if it intended for one conviction to be sufficient for an offender to be labeled a "sexual predator."
Eppinger, 91 Ohio St. 3d at 165.
 {¶ 22} After considering the relevant statutory factors, the limited evidence before the trial court, and the stated observations of the trial court, I would find the determination that the defendant is a sexual predator was not supported by clear *Page 14 
and convincing evidence, would sustain the assignment of error, and reverse the holding of the trial court.
r
[4] "`Mental illness' means a substantial disorder of thought, mood, perception, orientation, or memory that grossly impairs judgment, behavior, capacity to recognize reality, or ability to meet the ordinary demands of life." R.C. 5120.17(A)(1). *Page 1